WILLIAM SIGOURNEY *et al.* Appellants, *versus*
NAHUM SIBLEY *et al.*

The decree of a judge of probate, appointing a special administrator on the estate of a person deceased in which such judge is interested, is void

IN June, 1838, the judge of probate, on the application of Sibley and others, passed a decree appointing Rejoice Newton, Esquire, special administrator of the goods and estate of Andrew Sigourney, deceased ; and from that decree William Sigourney and others appealed, because the judge, at the time of passing the decree, was interested in the estate of the deceased, being a creditor thereof, and therefore had no jurisdiction of the subject matter of the decree. (See *Sigourney* v. *Sibley*, 21 Pick. 101.)

*Washburn*, for the appellants.

*Merrick*, for the appellees.

MORTON J. delivered the opinion of the Court. Under the statute of 1817, *c.* 190, § 5, this Court decided that a judge of probate, having a claim against a person at his decease, was interested in his estate, had no jurisdiction over it, and could not grant administration or do any other official act in relation to the settlement of it. *Cottle, Appellant,* 5 Pick. 483. Such proceedings are a perfect nullity. *Coffin* v. *Cottle,* 9 Pick. 287. The 15th section of the 83d chapter of the Revised Statutes, is a mere revision of the section above cited, and in another branch of this case has received the same construction. *Sigourney et al.* v. *Sibley et al.* 21 Pick. 101.

The jurisdiction over an estate in which the judge of probate is interested, belongs " to the probate court of the most ancient adjoining county," and the matter should " be there disposed of and settled in the same manner as if it had originally occurred within the latter county." The interested judge of probate has no more authority over the estate, or any case growing out of it, than he would have if it was in any other county in the Commonwealth. Revised Stat. *c.* 83, § 15.

It had for a long time been seen with regret, that protracted litigations frequently grew out of the probate of wills and the granting of administrations, and that the estates of deceased

*Oct.* 5th

*Oct* 7th.

persons were exposed to great waste and losses, for the want of some authorized agent to collect the debts and preserve the assets, during the pendency of such litigations. To remedy these evils, the legislature provided for the appointment of " special administrators," to continue in office until regular executors or administrators should be qualified to act. And to meet all the exigencies of the case, they were authorized to proceed in the discharge of the duties of their trust, notwithstanding the decree appointing them should be appealed from. Revised Stat. *c.* 64, § 6, 7, 8, 9, 10.

Special administrators are to be appointed by " the judge of probate." But it must be by the judge of probate who has jurisdiction. No other can have any authority. The statute does not expressly, nor by implication, confer the power upon any other officer. And there is not only an inherent impropriety in a judge's deciding questions or passing decrees in which he has an interest ; but there would be great practical inconvenience in having the same estate settled in different counties and by different courts, in having the inventory in one office and the account of administration in another, and in the settlement of the first account in one jurisdiction, and the subsequent ones necessarily founded upon, and perhaps corrections of it, in another.

The judge of probate having no jurisdiction, the appointment by him of a special administrator is void. And this Court, though they have a general probate jurisdiction, cannot give validity to a decree which was in its inception a mere nullity.

*Decree reversed*